**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LONNIE MIRACLE, JR.**                                                                **PLAINTIFF**

V.                      **No. 4:07CV00787 WRW-BD**

**SALINE COUNTY DETENTION**
**FACILITY, et al.**                                                         **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

1

## II.    Background:

Plaintiff, formerly a detainee at the Saline County Detention Facility, filed this pro se action under 42 U.S.C. § 1983.  In his Amended Complaint, Plaintiff alleges that Defendants violated his right to access the courts by denying him access to legal materials while he was detained in the Saline County Detention Facility from May 4, 2007, until May 24, 2007.  Plaintiff names as Defendants the Saline County Detention Facility, Brandon Ford, Corporal Spivey, and Sheriff Phil Mask.  He seeks money damages.

Defendants have filed a motion for summary judgment (docket entry #29).  In the motion, Defendants argue that they are entitled to judgment as a matter of law on Plaintiff's access to courts claim because: (1) Plaintiff has failed to allege any injury that he sustained based upon Defendants' conduct; (2) Plaintiff was represented by counsel at his initial court appearance; (3) Defendants are entitled to qualified immunity; and (4) Defendant Mask cannot be held liable based upon a theory of respondeat superior.  Plaintiff did not respond to Defendants' motion.  Accordingly, Defendants' statement of undisputed facts are deemed admitted.  See Eastern District of Arkansas Local Rule 56.1.  The Court finds that Defendants are entitled to judgment as a matter of law.

## III.   Discussion:

A.    *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R.

CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B.      *Saline County Detention Facility*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In his Amended Complaint, Plaintiff names as a Defendant the Saline County Detention Facility.  Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights.  However, a jail is not a person or entity subject to suit under § 1983.  See *De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983).  See *e.g. Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit under § 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amendable to suit").  Accordingly, the Court finds that all claims against the Saline County Detention Facility should be dismissed.

C.   *Brandon Ford and Corporal Spivey*

Plaintiff claims that he was denied access to the courts because, while housed at the Saline County Detention Facility for twenty days, he was denied access to legal materials and law books.

To state a claim for a violation of an inmate's right to meaningful access to the courts, a prisoner must establish that, as a result of denial of access to legal materials, counsel, or the courts, he or she suffered an actual injury or prejudice.  *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *White v. Kautzky*, 494 F.3d 677 (8th Cir. 2007).  Plaintiff has

not come forward with any facts that would support a finding of injury or prejudice resulting from the denial of access to legal papers or books.

In addition, the Court finds that based upon the documents provided by Defendants, Plaintiff was represented by counsel at his initial court appearance while he was in the custody of the Saline County Detention Facility. See ¶ 3 Defendants' Statement of Undisputed Facts. The United States Court of Appeals for the Eighth Circuit has held that when an inmate has representation, a prison official's denial of access to a law library is not a denial of meaningful access to the courts. See *Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007). See also *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (holding that prison authorities must provide inmates with adequate law libraries or adequate assistance from persons trained in the law). Furthermore, even if Plaintiff did not have access to his attorney while detained in Saline County, his claim still fails. An inmate does not have "an abstract freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351-53. Rather, to prevail on an access-to-court claim, a Plaintiff must show actual injury.

Accordingly, based on the fact that Plaintiff was represented by counsel at his initial appearance and because he cannot show actual injury or prejudice based upon the alleged denial of access to legal books, Defendants Ford and Spivey are entitled to summary judgment.

D.  *Sheriff Mask*

Defendants correctly state that Plaintiff may not use respondeat superior as a theory of recovery in a § 1983 action. *Marchant v. City of Little Rock*, 741 F.2d 201, 204-05 (8th Cir. 1984). "To hold supervisors liable under section 1983, a plaintiff must show that a superior had actual knowledge that his [or her] subordinates caused deprivations of constitutional rights and that he [or she] demonstrated deliberate indifference or tacit authorization of the offensive acts by failing to take steps to remedy them." *Pool v. Missouri Dep't. of Corrections & Human Resources*, 883 F.2d 640, 645 (8th Cir. 1989). Here, Plaintiff's Amended Complaint fails to include any references to specific acts or omissions by Sheriff Mask. Accordingly, Defendant Mask also is entitled to judgment as a matter of law.

E.  *Qualified Immunity*

Based upon its finding that Plaintiff has failed to state an actionable access-to-courts claim, an analysis of Defendants' qualified immunity is not warranted.

**IV.  <u>Conclusion</u>:**

The Court recommends that Defendants' Motion for Summary Judgment (#29) be GRANTED and that all claims be dismissed with prejudice.

DATED this 12th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE